TIMOTHY B. WILSON
TIMOTHY B. WILSON
ATTORNEY AT LAW, P.A.
P.O. BOX 3009
BONNERS FERRY, ID 83805
Phone: (208) 267-1777
Fax: (208) 267-1760
Email: *tbwilson@twlawoffice.com*
ISB No. 6479

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BOUNDARY

| | |
|---|---|
| BROTHER TIMOTHY MARIE PIDA, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF BONNERS FERRY, BY AND THROUGH ITS EMPLOYEE, CITY POLICE OFFICER WILLIAM COWELL IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, <br><br> Defendant. | Case No.: CV-2017-141 <br><br> FIRST AMENDED COMPLAINT |

COMES NOW, Plaintiff BROTHER TIMOTHY MARIE PIDA, by and through his attorney of record, The Wilson Law Firm, Timothy B. Wilson, and for causes of action against the Defendants the CITY OF BONNERS FERRY, by and through it's employee OFFICER WILLIAM COWELL, in his official and individual capacities, COMPLAINS AND ALLEGES as follows:

## PARTIES, JURISDICTION AND VENUE

1. At all times relevant to the allegations herein, Plaintiff Brother Timothy Marie Pida (hereinafter "Brother Pida") was at all times material hereto, and presently is, a resident of the County of Lincoln, State of Montana.

FIRST AMENDED COMPLAINT - 1

2. At all times relevant to the allegations herein, Defendant CITY OF BONNERS FERRY is a municipal corporation, and a political subdivision and body politic of the State of Idaho. Among its powers is the ability to sue and to be sued.

3. At all times relevant to the allegations herein, the Defendant, City of Bonners Ferry Police Officer WILLIAM COWELL (hereinafter "Officer Cowell"), was acting in his official capacity as an employee for The City of Bonners Ferry, and was at all times material hereto, and presently is a resident of the County of Boundary, State of Idaho.

4. All of the acts complained of occurred in the County of Boundary, State of Idaho, and therefore, pursuant to I.C. § 6-914, jurisdiction proper in the District Court.

5. Venue is appropriate pursuant to Idaho Code § 5-402 and 6-915.

## HEADINGS

The headings in this complaint are only for the purpose of making the facts and related causes of action easier to understand and to avoid redundancy. The facts are submitted in a roughly chronological order. The headings are not meant to limit any cause of action to the specific facts under the heading as some facts may support more than one cause of action.

## SUMMARY OF CLAIMS

6. When the Plaintiff refers to "The City of Bonners Ferry" as taking wrongful actions and/or omissions it means that the City did act through their agent, the specifically named defendant in the caption of this case.

7. Plaintiff alleges that at all material times hereto, Defendant Officer Cowell, acted under the color of the statutes, customs, ordinances, official policy and usage of the city of Bonners Ferry, County of Boundary, State of Idaho.

FIRST AMENDED COMPLAINT - 2

8. Plaintiff Brother Pida alleges that Defendant, Officer William Cowell, did violate the duty of care owed to Plaintiff, since, but for the Defendant's unreasonable, and/or malicious actions, the Plaintiff's property would not have been damaged; thereby, subjecting the City of Bonners Ferry and Officer Cowell to liability under the Idaho Tort Claims Act § 6-903.

## STATEMENT OF FACTS

9. On the evening of March 18, 2015, Brother Pida was returning to his home in Eureka MT. from Spokane WA., where he had been helping the Sisters of Mother Theresa provide care for sick and dying patients.

10. At approximately 7:32 pm, Officer Cowell stopped Brother Pida around milepost 508 on highway 95 for traveling at 53 mph in a 35 mph zone.

11. The video of the stop shows that at approximately 7:32 pm Officer Cowell has pulled the Plaintiff's vehicle over, activated his body camera, and has begun asking routine questions of Brother Pida, who attempts to make small talk with the Officer Cowell, while he locates his license, registration, and insurance documents.

12. At approximately 7:36 pm, the video shows Officer Cowell returning to his vehicle, at which point a cell phone call is placed to an unidentified individual.

13. Officer Cowell asks the individual "are you nearby," at which point the individual responds, "I can be there in about ten minutes."

14. At approximately 7:41 pm dispatch inquires of Officer Cowell's status and he reports a "Code 4."

15. At approximately 7:45 pm the sound of Officer Cowell signing the ticket and putting away his clip board can be heard, at which time the dispatcher reports in response to Officer Cowell's "Code 4" request that Brother Pida's license is valid with no restrictions.

FIRST AMENDED COMPLAINT - 3

16. At 7:49 pm, the video shows Officer Cowell exiting his vehicle to speak with the unidentified individual who has now arrived on the scene.

17. Officer Cowell then states to the unidentified individual that Brother Pida is "Traveling from Spokane to Eureka."

18. Officer Cowell further states that he was "getting an odor, a faint, faint odor of green and then an odor of like, cayenne" from Brother Pida's vehicle.

19. Officer Cowell then states "the guy is a ... in full Catholic Priest, uh yeah, garb."

20. Officer Cowell then states that Brother Pida told him he had "been on the phone with my dying Mother, I've been down with Mother Theresa's Sisters in Spokane helping people dying" and that Brother Pida is "nervous, couldn't find his drivers license" that Brother Pida stated "my brother is a State Trooper" and concluded by stating "things aren't adding up."

21. The unidentified individual then states "Ok, I'll go talk with him."

22. At 7:50 pm Officer Cowell contacts dispatch to report "I've got a 'Bravo Unit' with me" and then re-approaches Brother Pida's car to deliver the speeding citation and inform him of the administrative steps necessary to attend to the citation.

23. After Officer Cowell has issued the citation, the video reveals a sound distinctly reminiscent of nails scratching on a glass or metal surface.

24. Shortly thereafter, Officer Cowell returns to his patrol car to retrieve some additional paperwork for Brother Pida, at which point the unidentified individual is seen passing by Officer Cowell's vehicle and stating, "Nothing."

25. Officer Cowell then responds, "Nothing?" At which point Officer Cowell lectures Brother Pida on his speed and allows him to continue on his way to Eureka.

FIRST AMENDED COMPLAINT - 4

26. On August 3, 2015, Brother Pida contacted the Wilson Law Firm seeking representation regarding severe scratches and gouges in the paint of his 2004 Lexus 330 allegedly caused by a drug-sniffing dog employed by the City of Bonners Ferry.

27. On August 7, 2015, the Wilson Law Firm filed a Notice of Tort Claim with the City of Bonners Ferry in the amount of $4,644.24.

28. On September 2, 2015, Mr. Wilson received notification that the claim was denied after investigation by the Idaho Counties Risk Management Program (hereinafter "ICRMP"), the City of Bonners Ferry's insurance carrier, on the grounds that: (i) neither the police reports or the video reveal any damage to Brother Pida's vehicle from a canine, and (ii) that the City of Boners Ferry does not own or control the canine used in the stop.

29. On September 24, 2015, the Wilson law Firm responded to ICRMP's rejection of the claim with a request to reconsider the rejection on grounds that new facts and evidence had come to light, namely: (i) the video was obtained showing Officer Cowell acting as principal to call an agent "Bravo Unit" drug-sniffing dog, thereby negating the fact that the City of Bonners Ferry did not own or control the drug sniffing dog, and (ii) the fact that Officer Cowell deviated from the procedures set out in the City of Bonners Ferry Policy for requesting assistance of a drug-sniffing dog from an outside agency.

30. At the date of the filing of this complaint, ICRMP has not replied to Brother Pida's good faith request to reconsider.

## IDAHO TORT CLAIMS ACT

31. Plaintiff re-alleges and incorporates by reference each and every allegation set forth hereinabove in paragraphs I through IV inclusive.

FIRST AMENDED COMPLAINT - 5

32. Sovereign immunity may preclude recovery in a negligence action, but in Idaho, a statutory avenue of relief exists under the Idaho Tort Claims Act. I.C. § 6-903 *et seq.*

33. The general rule contained within I.C. § 6-903 is that governmental entities are liable for damages arising out of their own negligent or otherwise wrongful acts and for those of their employees who were acting within the course and scope of their employment.

34. The only applicable exception to liability available to the Defendant's under the aforementioned rule is the "discretionary function" exception to liability, which utilizes the "planning/operational" test to demarcate decisions involving the formation of basic policy, entitled to immunity, from decisions involving the execution or implementation of that policy, not entitled to immunity.

35. Officer Cowell's act, or failure to act, does not fall within the Idaho Tort Claims Act's discretionary function exemption because he is an employee of a State governmental entity, who was acting within the scope of his employment, while attending to routine, everyday matters not requiring evaluation of broad policy factors.

36. Because Officer Cowell falls under no exemption, whether liability attaches to his actions or inactions is governed pursuant to I.C. § 6-903, which states, " ... every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties ... where the governmental entity if a private person or entity would be liable for money damages under the laws of the state of Idaho.

37. A private person is liable for money damages under Idaho negligence law if the Plaintiff establishes that the Defendant had a duty to act reasonably to avoid injury to the Plaintiff. That the Defendant fell below the standard of care that attaches to a duty owed to the

FIRST AMENDED COMPLAINT - 6

Plaintiff. That "but for" falling below the standard of care, the Plaintiff would not have been damaged. And that it was foreseeable that such damage would occur if the Defendant fell below the standard of care.

38. Additionally, should circumstances be found to exist which do not usually occur in the absence of negligence the plaintiff also invokes the doctrine of *res ipsa loquiter* to establish a presumption of lack of due care. In Idaho, the Essential elements of the doctrine of *res ipsa loquitur* are: (1) that the agency or instrumentality causing the injury be under the control and management of the defendant; and (2) that the circumstances were such that common knowledge and experience would justify the inference that the accident would not have happened in the absence of negligence.

39. At 7:36 pm, City of Bonners Ferry Police Officer Cowell can be heard over his cell phone soliciting and obtaining the services of a drug-dog and handler, thereby, authorizing the handler to provide canine drug-sniffing services on behalf of the City of Bonners Ferry. Officer Cowell, also impliedly, if not expressly, consented to the actions of his Agent, the dog handler.

40. Additionally, at no time during the stop did the Agent dog-handler state that he was taking control of the scene, or acting independently from Officer Cowell's control of the scene. Therefore, Officer Cowell and the City of Bonners Ferry are responsible for any act of the agent within the agent's scope of authority.

41. A reasonably prudent Police Officer would not extend a routine traffic stop with a Catholic Hermit for over ten minutes to call in a drug-sniffing dog due to a "faint, faint, odor of green and then an odor of like, cayenne."

FIRST AMENDED COMPLAINT - 7

42. A reasonably prudent Police Officer in control of an outside agency's drug-sniffing dog, would not fail to supervise the actions of the dog and handler.

43. A reasonably prudent Police Officer in control of an outside agency's drug-sniffing dog, would not fail to ensure that, while benefitting from the dogs services, the dog did not inflict property damage to the object of the search.

44. A reasonably prudent Police Officer acting in good faith would not ignore section 318.31 of the City of Bonners Ferry's Police Manual, which states "The Chief or Assistant Chief of Police must approve all requests for canine assistance from outside agencies ... " and section 352.12 of the manual, which states "If assistance is needed from another agency, the employee requesting assistance shall first notify a supervisor of his/her intentions."

45. "But for" Officer Cowell's unreasonable request for canine assistance, unreasonable lack of supervision, unreasonable dereliction of procedure, and unreasonable judgment, Brother Pida's vehicle would not have been damaged.

46. Moreover, it is foreseeable that bringing a canine to a routine traffic stop could lead to such injury.

47. Alternatively, under the doctrine of *res ipsa loquiter* it is clear that the drug-dog team was under the control and management of Officer Cowell; and (2) that the circumstances were such that common knowledge and experience would justify the inference that the scratches to Brother Pida's car would not have happened absent negligence.

48. The instrumentality that caused the damage (the drug-sniffing dog and it's handler) was under the control and management of Officer Cowell.

FIRST AMENDED COMPLAINT - 8

49. The circumstances were such that common knowledge and experience would justify the inference that the damage to Brother Pida's vehicle would not have occurred absent negligence.

50. As a result of the City of Bonners Ferry and its employee Officer Cowell's actions Brother Pida suffered property damage in the amount of $4644.24.

## 42 U.S.C. § 1983

51. The foregoing statement of facts also makes clear that Officer Cowell, acting under color of law, subjected or caused Brother Pida to be subjected, to a deprivation of his 4th, 5th and 14th Amendment rights, privileges, or immunities secured by the Constitution.

## REQUEST FOR TRIAL BY JURY

52. Plaintiff hereby requests that a jury of twelve jurors hear this case.

## REQUEST FOR WAIVER OF SURETY

53. Plaintiff hereby requests waiver of the security deposit required pursuant to I.C. § 6-610, for the reasons set out in Plaintiff's Affidavit of Indigence, a true and correct copy of which is attached hereto as "Exhibit 1."

## PUNITIVE DAMAGES

53. Plaintiff reserves the right to amend this complaint for a claim of punitive damages in accordance with Idaho Statutes and the Idaho Rules of Civil Procedure.

## ATTORNEY FEES

54. As a result of the bad faith actions of the Defendant, the Plaintiff has had to retain the services of an attorney in this matter, and thus, pursuant to I.C. § 6-918A is entitled to an award of reasonable attorney fees in an amount to be proven in court. If this matter is taken in default, that amount would be Ten Thousand Dollars ($10,000.00).

FIRST AMENDED COMPLAINT - 9

55. As a result of the Plaintiff suffering a Constitutional deprivation of his rights, pursuant to 42 U.S.C. § 1988 the Plaintiff is entitled to an award of reasonable attorney fees in an amount to be proven in court.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment from the Court as follows:

54. The award of an amount of Four Thousand Six Hundred Forty Four dollars and Twenty Four Cents ($4644.24) compensatory damages for the property damage done to Brother Pida's vehicle;

55. The award of an amount to be proven in trial, but in excess of Ten Thousand Dollars ($10,000.00) for the "bad faith" actions of the Defendant;

56. The award of an amount for the Plaintiff's reasonable attorney fees for having to bring this matter before the court; if this matter is taken in default, that amount is Ten Thousand Dollars ($10,000.00);

57. The award of an amount to reimburse the reasonable costs that the Plaintiff had to expend in bringing this action;

58. The award of an amount of interest on the above stated amounts at the legal interest rate established by the Secretary of the Treasury for the State of Idaho beginning on December 15, 2012;

59. For such other relief as the Court deems as just and equitable.

FIRST AMENDED COMPLAINT - 10

Dated this 20th of March, 2017.

_____
TIMOTHY B. WILSON
Attorney for Plaintiff

TIMOTHY B. WILSON
TIMOTHY B. WILSON
ATTORNEY AT LAW, P.A.
P.O. BOX 3009
BONNERS FERRY, ID 83805
Phone: (208) 267-1777
Fax: (208) 267-1760
Email: *tbwilson@twlawoffice.com*
ISB No. 6479

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BOUNDARY
MAGISTRATE DIVISION

| | |
|---|---|
| BROTHER TIMOTHY MARIE PIDA,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF BONNERS FERRY, AND OFFICER WILLIAM COWELL, IN HIS INDIVIDUAL CAPACITY.<br><br>Defendant | Case No.: CV-2017-141<br><br>PLAINTIFF'S AFFIDAVIT OF INDIGENCE (I.C. § 31-3220) |

STATE OF IDAHO     )
                                    ss.
County of Boundary )

I, REVEREND BROTHER TIMOTHY MARIE PIDA, ER.DIO., being first duly sworn, depose and say:

  1.  That I am over the age of 18 years of age and am competent to testify to said facts if called upon to do so.

  2.  That I have been apprised of the fact that in order to pursue an action against a police officer personally or individually requires the posting of a bond pursuant to Idaho Code Section 6-610.

PLAINTIFF'S AFFIDAVIT OF INDIGENCE (I.C. § 31-3220) - 1

EXHIBIT 1

3. That I have been apprised of the fact that the court may authorize the commencement of an action without prepayment of fees, costs, or security by any indigent person not a prisoner, providing the person provides an affidavit that he is indigent, which affidavit shall contain complete information as to:

(a) <u>The Person's Identity</u>: I am a Professed Catholic Hermit, and hence, under publicly professed vows I maintain a posture of poverty.

(b) <u>The Nature and Amount of His Income</u>: I am a Missionary living solely on donations.

(c) <u>His Spouses Income</u>: I have no spouse.

(d) <u>The Real and Personal Property Owned</u>: My Hermitage (literally a hermit's home), household essentials, clothes and books.

(e) <u>His Cash or Checking Accounts</u>: Approximately $3000.00

(f) <u>His Dependents</u>: I have no dependents.

(g) <u>His Debts</u>: I have none.

(h) <u>His Monthly Expenses</u>: Approximately $1800.

(i) <u>The Nature of the Action</u>: A civil lawsuit to recover for damage unreasonably inflicted upon my vehicle and to possibly punish the individual officer, if the court sees fit, so that innocent people in the future are not harmed by his abrasive tactics.

(j) <u>Affiant's Belief that He is Entitled to Redress</u>: I believe that the City of Bonners Ferry through it's police officer William Cowell unreasonably damaged my vehicle in the amount of $4,644.24 and therefore owe me compensation; however, I also believe that Officer Cowell should be sanctioned for his unreasonable behavior in an effort to help other

PLAINTIFF'S AFFIDAVIT OF INDIGENCE (I.C. § 31-3220) - 2

officer's understand how unreasonable it is to damage an innocent traveler's vehicle without fear of responsibility for acting unreasonably.

In consideration of the foregoing statement, I therefore state that I am unable to pay the court costs, and humbly ask for a waiver of the statutory bond. I verify that the statements made in this affidavit are true and correct.

Dated this 13 of March, 2017.

STATE OF ~~IDAHO~~ Montana )
                               ) ss.
County of ~~Boundary~~ Flathead )

TIMOTHY MARIE PIDA, being first duly sworn on oath, deposes and says that he is the plaintiff in the foregoing action; that he has read the complaint herein contained, knows the contents thereof, and under penalty of perjury believes the facts therein stated to be true to the best of his knowledge and belief.

_____
Timothy Marie Pida, Plaintiff

SUBSCRIBED AND SWORN to me this 13 day of ~~February~~ March, 2017.

_____
NOTARY PUBLIC
State of Montana
Residing at: Columbia Falls
Commission expires: _____

LORINDA M WALTER
NOTARY PUBLIC for the
State of Montana
Residing at Columbia Falls, Montana
My Commission Expires
August 30, 2020

PLAINTIFF'S AFFIDAVIT OF INDIGENCE (I.C. § 31-3220) - 3